IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SEKOU RUDOLPH, | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | *   CIVIL ACTION: 16-00578-CG-B |
| | * |
| WALTER MYERS, | * |
| | * |
| Respondent. | * |

**REPORT AND RECOMMENDATION**

Petitioner Sekou Rudolph filed a petition seeking habeas relief under 28 U.S.C. § 2254 and a motion for leave to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Because Petitioner has failed to prosecute and to comply with the Court's order dated January 6, 2017 (Doc. 3), it is recommended that this action be dismissed without prejudice.

Upon review of Rudolph's motion and financial statement (Doc. 2), the Court, in an order entered on January 6, 2017, determined that Rudolph's economic situation was such that the imposition of the cost of filing fee would not work an undue hardship upon him; thus, Rudolph's motion was denied and he was directed to pay the filing fee within 15 days of the order. (Doc. 3). He was advised that if he elected not to pay the $5.00 statutory filing fee by that date, the clerk would forward

this action for dismissal for failure to prosecute. (Id.) As of the date of this order, no filing fee has been received.

Due to Rudolph's failure to comply with the Court's order dated January 6, 2017 (Doc. 3), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the

imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **March, 2017.**

>            **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**